**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Samuel CRAWFORD, Defendant–
Appellant.**

**No. 98–10027.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 1998.

Decided Dec. 9, 1998.

Opinion Withdrawn Feb. 26, 1999.

Decided Feb. 26, 1999.

As Amended on Denial of Rehearing
and Suggestion for Rehearing
En Banc April 21, 1999.

Fredric F. Kay (Argued), Federal Public Defender, Tucson, Arizona, for the defendant-appellant.

Richard Gordon (Argued), Assistant United States Attorney, and Amy B. Krauss, Assistant United States Attorney, (On the Briefs), Phoenix, Arizona, for the plaintiff-appellee.

Before: HUG, Chief Judge, FLETCHER, and TROTT, Circuit Judges.

## ORDER

TROTT, Circuit Judge:

The Opinion filed in this case on December 9, 1998, is hereby WITHDRAWN. A new Opinion of this appeal is filed with this order.

## OPINION

Samuel Crawford appeals from an order of restitution following his plea of guilty to involuntary manslaughter. The court sentenced Crawford to 15 months in prison and ordered him to pay $2,511.86 in restitution for the funeral expenses of his victim under the Victim Witness Protection Act, 18 U.S.C.

§§ 3663–64 (1985 & Supp.1998) ("VWPA"). Crawford challenges the order of restitution on two grounds. First, he argues he was not properly informed during the plea colloquy that he was subject to an order of restitution, as required under Federal Rule of Criminal Procedure 11. Second, he argues he was entitled to a statutory "offset" for insurance payments received by the victim's family. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM the order of restitution.[1]

## Facts

On the evening of January 15, 1997, Samuel Crawford was driving his vehicle on the Tohono O'Odham Indian Reservation accompanied by his passenger and friend Joseph Francisco. Crawford's blood alcohol content was 0.124. While attempting to clear his glasses and windshield of fog, Crawford ran off the roadway and rolled the car. Francisco was thrown from the vehicle and died at the scene. Following the accident, Crawford's insurance paid $15,000 to Francisco's family.

Crawford pled guilty to involuntary manslaughter. He was sentenced to 15 months' imprisonment and ordered under the mandatory provisions of the VWPA to pay $2,511.86 in restitution for the funeral expenses of his victim.

During the plea proceeding, the district court failed to advise Crawford, as required under Federal Rule of Criminal Procedure 11, that he would be subject to an order of restitution following his plea of guilty. The district court did advise Crawford, however, that he was subject to a prison term of up to six years and a fine in an amount up to $250,000.

## Harmless Error under Federal Rule of Criminal Procedure 11

■ We review de novo whether a trial court's colloquy with the defendant satisfies the requirements of Rule 11. *United States v. Aguilar–Muniz*, 156 F.3d 974, 976 (9th Cir.1998). Rule 11(c) of the Federal Rules of Criminal Procedure provides that, prior to the acceptance of a guilty plea, the district court must personally address the defendant in open court and inform the defendant of the consequences of the plea.

■ Crawford correctly argues that the district court's failure to advise him that he faced mandatory restitution under the VWPA constituted a violation of Rule 11. The rule specifically requires the district court to advise the defendant when it has the authority to order restitution to any victim of the offense. Fed.R.Crim.P. 11(c)(1); *United States v. Rogers*, 984 F.2d 314, 318 (9th Cir. 1993).

■ Failure to comply with this requirement, however, does not necessarily constitute reversible error. Rule 11 also provides that any failure to adhere to the procedures required under the rule shall be disregarded to the extent such failure does not affect the "substantial rights" of the defendant. Fed. Rule Crim. P. 11(h); *Rogers*, 984 F.2d at 318. We find the violation of Rule 11 to be harmless in this case.

■ In *United States v. Pomazi*, 851 F.2d 244, 248 (9th Cir.1988), *overruled on other grounds by Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), this court held that a district court's failure to advise the defendant of the possibility of restitution did not constitute reversible error where the defendant was advised he was subject to a fine in an amount in excess of the restitution imposed. In that case, Pomazi was advised that he could be required to pay a fine of up to $500,000 but was not advised of the possibility of restitution. The court held that "Pomazi could not have been surprised or prejudiced by the imposition of $64,229 as restitution in light of

1. Crawford also makes two other arguments. First, he contends that those who received restitution are not proper recipients under VWPA. This argument is without merit under a plain reading of the statute. *See* 18 U.S.C. §§ 3663A(2) & 3664(j)(1). Second, Crawford

claims that the district court erred in failing to consider Crawford's economic circumstances when ordering restitution. The statute precludes the district court from considering a defendant's economic circumstances when setting the amount of the restitution. *See id.* at

his potential liability for $500,000. Any error in failing to advise Pomazi of the possibility of a restitution order did not affect his substantial rights under these circumstances." *Id.* (citations omitted).

Pomazi controls our decision. Crawford attempts to distinguish *Pomazi* by arguing the restitution in that case was discretionary, whereas the restitution imposed here is mandatory under the VWPA. This distinction is immaterial to the harmless error analysis in this case. Crawford was informed, at the time he made his plea, that he was subject to a fine of up to $250,000. During the sentencing hearing, he acknowledged that he understood that a fine might be levied against him as a result of his plea. The fact that the monetary obligation took the form of restitution rather than a fine is irrelevant to the question of whether his plea was voluntary. Like the defendant in *Pomazi*, Crawford was not prejudiced. He owed in the form of restitution only a small fraction of what he was informed he might owe as a fine. Because he was ultimately required to pay less than what he had been advised he might actually owe, the error is harmless under Rule 11.

### Burden of Establishing Offset

■ We review the legality of a restitution order de novo. *United States v. Baggett*, 125 F.3d 1319, 1321 (9th Cir.1997). Crawford argues that his payment of $15,000

to the victim's family through his insurance entitles him to an "offset" under the VWPA.

Section 3664(f)(1)(B) provides:

In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.

While insurance settlements are excluded in the initial computation of the amount of restitution owed, once that total amount is determined, the defendant is entitled to have the amount of restitution reduced by any amount later recovered by the victim as compensatory damages for the same loss.

Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in—(A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State.

18 U.S.C. § 3664(j)(2). An offset, therefore, is applicable only when there is compensation for the "same loss."

■ In this case, the district court found that there was no evidence establishing that the insurance proceeds received by the victim's family were intended to compensate for the funeral expenses, i.e., that the proceeds covered the "same loss" as those covered in the restitution order.[2] Absent any showing that the civil proceeding resulted in compensation for the "same loss" under § 3664(j)(2), the district court was correct in its conclusion that there is no statutory basis for reducing the disputed restitution order.[3]

§ 3664(f)(1)(A). However, the statute permits a district court to take such circumstances into account when setting the method and schedule by which the restitution is to be paid. *See id.* at § 3664(f)(2) & (3). The record was adequately developed for the district court to consider whether it should do so in this case. The district court did not err in refusing to do so in this case.

2. The VWPA allows the district court to determine who has the burden of establishing the offset.

(e) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of an offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall

be on the defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.

18 U.S.C. § 3664(e). The question of who bears the burden for establishing a right to statutory offset is therefore left to the court's determination of what "justice requires." In this case, it appears that the district court placed this burden on the defendant, noting that Crawford had "made a very complete record" regarding why he thought the offset provision should apply.

3. Because we hold that Crawford has failed to show that the insurance payment related to the "same loss" as that covered by the restitution order, we need not reach the question of whether the insurance payment qualifies as a "civil proceeding" under 18 U.S.C. § 3664(j)(2). We note, however, that our holding regarding the burden of establishing a right to statutory offset applies to § 3664(j)(2) in its entirety.

With these changes, the petition for re-hearing, and the petition for rehearing en banc are DENIED.

AFFIRMED.