**UNITED STATES of America, Plaintiff—Appellee,**

v.

**JUVENILE, Defendant—Appellant.**

**No. 05–10634.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2006.

Decided July 7, 2006.

Ann Birmingham Scheel, Esq., Office of the U.S. Attorney, Craig Orent, Esq., Federal Public Defender's Office, Phoenix, AZ, for Plaintiff–Appellee.

Before: HUG and O'SCANNLAIN, Circuit Judges, and MILLER,* District Judge.

### MEMORANDUM **

Juvenile pled guilty to involuntary manslaughter, was sentenced to twelve months in custody, and ordered to pay restitution. Juvenile appeals the portion of the restitution order that requires her to pay $23,600 to the parents of the victim for the gas and food expenses they incurred when visiting their son, the victim, in the hospital as exceeding the authority of 18 U.S.C. § 3663 (2005). Juvenile also argues that the restitution order was based on insufficient evidence. We affirm the decision of the district court.

Juvenile's waiver in her plea agreement of her right to appeal the entry of judgment, the imposition of sentence, or to make any collateral attack on the judg-

---

* The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment or sentence, did not waive her right to challenge the legality of the restitution order. *United States v. Phillips,* 174 F.3d 1074, 1076 (9th Cir.1999). Furthermore, because the plea agreement was ambiguous with respect to the amount of restitution to be paid, Juvenile lacked adequate notice to waive her right to challenge the restitution order. *United States v. Gordon,* 393 F.3d 1044, 1050 (9th Cir.2004).

 The district court properly permitted the parents of the victim to recover the costs of visiting the victim in the hospital. We have previously acknowledged that the "support and comfort of the family" can be considered necessary nonmedical care and treatment. *United States v. Keith,* 754 F.2d 1388, 1393 (9th Cir.1985). In the present case, the victim had been rendered quadriplegic by the accident and could not himself travel to be with his family, who were necessary to make the victim's medical decisions because of his serious condition. Under *Keith,* the victim could have recovered the cost of bringing his family to him. Because the parents may stand in the shoes of a deceased victim for purposes of restitution, 18 U.S.C. § 3663(a)(2), the parents are entitled to recover their travel expenses.

■ It was also proper for the district court to allow the parents to recover their travel expenses, notwithstanding the fact that they received monetary gifts from friends and family during the period in question. Juvenile did not establish that these gifts were earmarked for travel expenses or that the parents did, in fact, use the money for travel expenses. *See United States v. Crawford,* 169 F.3d 590, 593 (9th Cir.1999).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

■ Finally, the district court did not abuse its discretion in calculating the amount of restitution based on the parents' estimates of their expenses. *United States v. Soderling,* 970 F.2d 529, 534 (9th Cir.1992) (noting that a district court has "wide latitude" to fashion and calculate a restitution order).

Accordingly, the decision of the district court is

**AFFIRMED.**