GRIFFIS, P.J.,
for the Court:
¶ 1. Jordan Davis was indicted and tried for auto theft, grand larceny, and receiving stolen property. The jury acquitted him of auto theft and grand larceny but found him guilty of receiving stolen property. On appeal, he argues that his indictment and conviction violated Mississippi Code Annotated 97-17-70 (Supp.2013), the receiving-stolen-property statute. The State agrees and has confessed error. We reverse and remand for further proceedings.
FACTS
¶ 2. On November 8, 2011, John Watkins and his brother-in-law, Michael Dent, discovered that an old John Deere tractor, a cotton trailer, and two old trucks — a 1950 Chevrolet truck and a 1950 Studebaker truck — were missing from their cattle farm in Claiborne County, Mississippi. Watkins and Dent reported the theft to the sheriff’s department.
¶ 3. Watkins and Dent would later discover tire marks that led out of their farm property to Bulldog Scrap Metal. Dent discovered his missing John Deere tractor at Bulldog Scrap Metal. Dent also discovered his missing hay forks there as well. Dent, however, did not find his cotton trailer or Watkins’s trucks there. Both *829 Dent and Watkins testified that they did not give permission for the items to be moved, nor did they have any personal knowledge of how the items were moved or who moved them.
¶ 4. Darrell Purvis, an employee of Bulldog Scrap Metal, testified that on October IB, 2011, Davis and Bradford Wren brought in Dent’s John Deere tractor to Bulldog Scrap Metal. Purvis paid Davis and Wren $784.80 for the tractor. Purvis initially attempted to make the receipt out to Davis. But Davis instructed him to make it out to Wren. Purvis made the receipt out to Wren and paid him for the tractor. Purvis further testified that Davis returned on November 8, 2011, to Bulldog Scrap Metal to sell Dent’s cotton trailer and Watkins’s Chevrolet truck. Purvis paid Davis a total of $520 for the cotton trailer and the truck.
¶5. Davis was indicted for auto theft, grand larceny, receiving stolen property, and conspiracy. The conspiracy charge was dismissed prior to trial. Davis was acquitted of the charges of auto theft and grand larceny but was found guilty of receiving stolen property. Davis was sentenced to eight years in the custody of the Mississippi Department of Corrections, with four years suspended and four years to serve. Davis timely appealed.
ANALYSIS
¶ 6. Mississippi Code Annotated section 97-17-70, titled “Receiving stolen property,” provides:
(1) A person commits the crime of receiving stolen property if he intentionally possesses, receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is possessed, received, retained or disposed of with intent to restore it to the owner.
[[Image here]]
(3)(a) Evidence that the person charged under this section stole the property that is the subject of the charge of receiving stolen property is not a defense to a charge under this section; however, dual charges of both stealing and receiving the same 'property shall not be brought against a single defendant in a single jurisdiction.
(Emphasis added). Here, Davis was indicted and tried for the crimes of grand larceny and receiving stolen property for the same property.
¶ 7. The Attorney General has confessed error and concludes that “the State acknowledges that this case should be reversed and remanded for a new trial.” We accept the State’s confession.
¶ 8. However, Davis urges this Court to render his conviction for receiving stolen property. Davis argues that “[bjecause Davis has been tried and found not guilty of grand larceny of the tractor, a retrial of the charge of receiving stolen property would be inappropriate, as it would repeat the error — ‘dual charges ... against a single defendant in a single jurisdiction.’ ” Davis cites no other case law as authority for his contention that this Court should render the charge of receiving stolen property.
¶ 9. The State, likewise without citation to authority, argues:
[Wjhere a defendant is inappropriately charged with both stealing and receiving the same property, but is only convicted on one of the counts, then a harmless error analysis should apply. Davis was not prejudiced by being charged with both stealing the John Deere tractor and receiving the stolen John Deere tractor since he was convicted only of receiving stolen property.
*830 If we apply a harmless-error consideration to the prosecutor’s violation of the statute, we will only encourage prosecutors to ignore this statute in the future. The Legislature’s intent was clear. The Legislature determined that “dual charges of both stealing and receiving the same property shall not be brought against a single defendant in a single jurisdiction.” Id. (Emphasis added).
¶ 10. Mississippi Code Annotated section ■ 97-17-70(8)(a) unequivocally tells prosecutors not to indict a person for “both stealing and receiving the same property ... against a single defendant in a single jurisdiction.” Here, because the prosecutor violated this section, Davis’s conviction is reversed. The parties briefs do not sufficiently address the legal authorities and arguments necessary to consider the issue of double jeopardy, under the Fifth Amendment to the United States Constitution or Article 3, Section 22 of the Mississippi Constitution. As a result, we do not address this issue here. Instead, we remand this action for further proceedings consistent with this opinion.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
LEE, C.J., ISHEE, CARLTON AND JAMES, JJ., CONCUR. ROBERTS AND FAIR, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION, JOINED BY ROBERTS AND FAIR, JJ. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, J.