# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CT-00863-SCT

*JORDAN DAVIS a/k/a JORDAN D. DAVIS*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/18/2012 |
| TRIAL JUDGE: | HON. LAMAR PACKARD |
| TRIAL COURT ATTORNEYS: | LISA ROSS |
| | LAMAR ARLINGTON |
| | TERRY WALLACE |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY: HUNTER NOLAN AIKEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MADONNA C. HOLLAND |
| DISTRICT ATTORNEY: | ALEXANDER C. MARTIN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART.  THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY IS REVERSED AND RENDERED - 05/07/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.    Jordan Davis was indicted for one count of auto theft, one count of grand larceny of a tractor, and one count of receiving stolen property concerning the same tractor. Davis was acquitted of auto theft and grand larceny but convicted of receiving stolen property. On appeal, the State confessed error because Claiborne County's dual charges against Davis for stealing and receiving the same property violated Mississippi Code Section 97-17-70(3)(a). The Court of Appeals reversed the receiving-stolen-property conviction, but remanded for further proceedings. *Davis v. State*, 2014 WL 702284, *2 (Miss. Ct. App. February 25, 2014). We granted Davis's petition for certiorari and now reverse and render his conviction. We affirm in part and reverse in part the judgment of the Court of Appeals. We reverse the judgment of the Circuit Court of Claiborne County and render judgment in Davis's favor.

## DISCUSSION

¶2.    Michael Dent and his brother-in-law, John Barham Watkins, stored personal property at their cattle farm in Claiborne County. On November 8, 2011, Dent and Watkins discovered several items missing from the farm, including an old John Deere tractor, a cotton trailer, a 1950 Chevrolet truck, a 1950 Studebaker truck, and other items. They notified the sheriff's department. Later, Dent and Watkins discovered tracks leading out of the farm to Bulldog Scrap Metal. There, Dent discovered his tractor and a missing hay fork.

¶3.    A Bulldog Scrap Metal employee, Darrell Purves, testified that, on October 13, 2011, Davis and Bradford Wren had brought in the tractor, and Purves paid Wren $784.80 for it. Purves testified that he initially made the receipt out to Davis, but at Davis's request, he made

it out to Wren. Purves also testified that, on November 8, 2011, Davis brought in the cotton trailer and the 1950 Chevrolet truck. Purves paid Davis $520 for both these items.

¶4.	Davis was indicted for auto theft of the trucks, grand larceny of the tractor and other items, receiving stolen property concerning the tractor, and conspiracy. The conspiracy charge was dismissed before trial. The jury acquitted Davis of auto theft and grand larceny, but convicted him of receiving stolen property. The trial court sentenced Davis to eight years with four years suspended.

¶5.	This Court assigned Davis's appeal to the Court of Appeals. Davis argued that (1) the jury instructions omitted an essential element of the offense of receiving stolen property; (2) his charges for stealing and receiving the same property violated Section 97-17-70(3)(a); and (3) the evidence was insufficient to support the verdict. The State admitted that the case must be reversed and remanded for a new trial. The State confessed that the jury instruction on receiving stolen property had omitted an essential element. The State also admitted error under Section 97-17-70(3)(a) due to the charges for stealing and receiving the same property, but, without citation to authority, argued that the error was harmless.

¶6.	Section 97-17-70 codifies the crime of receiving stolen property. The statute provides, in pertinent part:

> (1) A person commits the crime of receiving stolen property if he intentionally possesses, receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is possessed, received, retained or disposed of with intent to restore it to the owner.
> . . .

3

(3)(a) Evidence that the person charged under this section stole the property that is the subject of the charge of receiving stolen property is not a defense to a charge under this section; however, *dual charges of both stealing and receiving the same property shall not be brought against a single defendant in a single jurisdiction.*

Miss. Code Ann. § 97-17-70(3)(a) (Rev. 2014) (emphasis added).

¶7. The Court of Appeals accepted the State's confession that Davis had been charged with both stealing and receiving the same property in the same jurisdiction in violation of Section 97-17-70(3)(a). *Davis*, 2014 WL 702284, at *2. The Court of Appeals rejected the State's invitation to apply a harmless-error analysis, due to the clearly expressed legislative intent that such charges "shall not be brought." *Id.* We agree that the Court of Appeals properly accepted the State's confession of error, because the charges brought against Davis clearly violated the plain language of Section 97-17-70(3)(a). And the Court of Appeals correctly rejected the State's proposed harmless-error analysis, because the statute plainly states that such charges "shall not be brought." Miss. Code Ann. § 97-17-70(3)(a) (Rev. 2014). The Court of Appeals appropriately determined that reversal of Davis's conviction of receiving stolen property was appropriate.

¶8. But the Court of Appeals erred by remanding for further proceedings rather than rendering judgment. The plain language of Section 97-17-70(3)(a) does not permit a retrial of Davis for receiving stolen property. As Presiding Judge Irving astutely recognized in dissent,

the statute prohibits the bringing of dual charges in *a single jurisdiction*. Notice, the prohibition is not against bringing dual charges in a single indictment, but against bringing dual charges against *a single defendant in a single jurisdiction*. Therefore, prosecuting a single defendant in a single

4

jurisdiction in separate trials – once for both larceny and receiving stolen property, and once for receiving stolen property only – is prohibited by the statute, as there is no way that Davis can be retried for receiving stolen property in Claiborne County, Mississippi, without becoming the victim of dual charges brought in a single jurisdiction. He has already been acquitted of one charge – larceny – brought against him in Claiborne County. Retrying him in Claiborne County on the charge of receiving stolen property would result in dual charges being brought against him in a single jurisdiction, which is prohibited by section 97-17-70(3)(a).

*Davis*, 2014 WL 702284, at *5 (Irving, PJ, dissenting).

¶9.     Under Section 97-17-70(3)(a), when a defendant can be charged with either stealing or receiving the same property, the State must opt to charge the defendant with either stealing or receiving the property. Davis has been tried once in Claiborne County for stealing and receiving the same property. He has been tried and acquitted of stealing the property. Thus, he cannot be retried for receiving the property under the plain terms of Section 97-17-70(3)(a). Therefore, we reverse Davis's conviction of receiving stolen property and render judgment in his favor.

## CONCLUSION

¶10.    Because Davis cannot be retried for receiving stolen property under Section 97-17-70(3)(a), we reverse his conviction and render judgment in his favor. The judgment of the Court of Appeals is affirmed in part and reversed in part. The judgment of the Circuit Court of Claiborne County is reversed and we render judgment in Davis's favor.

¶11.    **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY IS REVERSED AND RENDERED.**

5

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE AND KING, JJ., CONCUR. COLEMAN, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**