# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01309-COA

**WILLIAM TRAVIS LOWELL A/K/A TRAVIS LOWELL A/K/A WILLIAM T. LOWELL**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/25/2016 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM TRAVIS LOWELL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART: 09/19/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**FAIR, J., FOR THE COURT:**

¶1.    William Lowell pled guilty to a number of theft-related offenses stemming from a crime spree he undertook in May 2011, allegedly to raise money for his wife's medical treatment. Lowell pled guilty to three counts of grand larceny, one count of burglary, and one count of possession of stolen property. He subsequently filed a motion for post-conviction relief contending, among other things, that he was subjected to double jeopardy because he was convicted of larceny and possession of stolen property for the same theft. The circuit court dismissed the PCR motion without an evidentiary hearing.

¶2. Although double-jeopardy claims are usually excepted from procedural bars due to their status as fundamental constitutional rights, Lowell's particular claim – that he committed a single larceny because he stole the two pieces of property at the same time and from the same person and place – seeks to go beyond the face of the indictments and the record of his guilty plea into what is essentially a factual defense to the allegations. Lowell's convictions are facially valid, and the double-jeopardy defense was waived by Lowell's voluntary, bargained-for guilty plea. We affirm the dismissal, with one exception: the State has conceded that the trial court lacked any basis in the record to order Lowell to pay $278.50 in restitution to the victim of a separate offense. On that point, we reverse and render.

## STANDARD OF REVIEW

¶3. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶4. Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

## DISCUSSION

### 1. Double Jeopardy

¶5.    Lowell contends that Counts II and V of his indictment alleged the same offense for double-jeopardy purposes. Count II was grand larceny for the theft of a riding lawn mower owned by Sidney Imes. Count V was for possession of stolen property, a particularly valuable bicycle also owned by Sidney Imes. On appeal, Lowell contends that he stole both items at the same time and from the same place, and thus that their taking amounted to a single larceny. Under Mississippi law, a defendant cannot be charged in the same jurisdiction with both larceny for taking the property and possession of it as stolen property. *See* Miss. Code Ann. § 97-17-70(3)(a) (Rev. 2014); *see also Davis v. State*, 162 So. 3d 805, 808 (¶9) (Miss. 2015) ("[W]hen a defendant can be charged with either stealing or receiving the same property, the State must opt to charge the defendant with either stealing or receiving the property."). Lowell argues that because his larceny charge in Count II included the bicycle, he could not also be charged with possession of stolen property for possessing it.

¶6.    Our supreme court has repeatedly held that double jeopardy is a fundamental constitutional right that is not subject to procedural bars. *See, e.g., Rowland v. State*, 42 So. 3d 503, 507-08 (¶¶12-15) (Miss. 2010). Waiver, on the other hand, is a separate issue: "[c]haracterizing a constitutional right as 'fundamental' does not mean it is impossible to waive it by pleading guilty." *Knight v. State*, 192 So. 3d 360, 364 (¶13) (Miss. Ct. App. 2016). Constitutional rights can generally be waived, but the waiver of double jeopardy is more limited. Our supreme court has held that "a plea of guilty to a charge does not waive a claim that – judged on its face – the charge is one which the State may not constitutionally

3

prosecute." *Willie v. State*, 738 So. 2d 217, 219 (¶10) (Miss. 1999) (quoting *Menna v. New York*, 423 U.S. 61, 63 n.3 (1975)). But, in *Knight*, this Court elaborated on those double-jeopardy claims that can still be waived. We noted that the United States Supreme Court has held that "prisoners who plead guilty to 'indictments that on their face described separate' crimes essentially waive the right to contradict 'the admissions inherent in their guilty pleas.'" *Knight*, 192 So. 3d at 365 (¶14) (quoting *United States v. Broce*, 488 U.S. 563, 576 (1989)). Conscious waiver is not required because, by pleading guilty, the defendant admits not only to the facts alleged but also to his substantive, legal guilt for the offense charged. *See Broce*, 488 U.S. at 570. "Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes." *Id.*

¶7.     Lowell's claim is premised on what is often called the "single larceny rule," which generally provides that "when several articles of property are stolen by the defendant from the same owner at the same time and at the same place, only one larceny is committed." 50 Am. Jur. 2d *Larceny* § 4 (Aug. 2017 update). In *State v. Dalton*, 91 Miss. 162, 165, 44 So. 802, 802 (1907), the Mississippi Supreme Court clearly articulated a somewhat broader version of the single larceny rule as the law of this State: "However diverse may be the ownership of property which is the subject of larceny, if the act of taking constitutes but a single act, but one offense is committed." Multiple takings may be consolidated into a single

4

larceny if those items are taken all at the same time, if the separate takings "constituted one continuing transaction," or if the separate takings were "the result of one design." *See Dodson v. State*, 130 Miss. 137, 143, 93 So. 579, 580 (1922). This would be a question of fact for the jury. *See Barnes v. State*, 230 Miss. 299, 305, 92 So. 2d 863, 865 (1922); *see also* 50 Am. Jur. 2d *Larceny* § 4 (Aug. 2017 update).

¶8.    Complicating things is the 2004 amendment to the grand larceny statute, which added the following sentence: "The total value of property taken and carried away by the person from a single victim shall be aggregated in determining the gravity of the offense." *See* Miss. Code Ann. § 97-17-41(1) (Rev. 2014). According to Lowell, the 2004 amendment requires the aggregation of *all* takings from a single victim into a single larceny count, regardless of the circumstances of each individual taking. We simply do not agree with Lowell's interpretation of the amendment. The entire relevant subsection of the grand larceny statute, at the time of Lowell's offenses, read:

> Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Five Hundred Dollars ($500.00) or more, shall be guilty of grand larceny, and shall be imprisoned in the Penitentiary for a term not exceeding ten (10) years; or shall be fined not more than Ten Thousand Dollars ($10,000.00), or both. The total value of property taken and carried away by the person from a single victim shall be aggregated in determining the gravity of the offense.

Rather than redefining larceny, by its own terms the addition speaks only to "determining the gravity of the offense." The 2004 addition to the statute cannot be read as a radical departure

5

from the traditional definition of larceny.[1]

¶9.     Turning to Lowell's double jeopardy claim, it is apparent that the indictment alleged two distinct offenses that do not offend the statutory prescription against multiple charges for stealing and receiving the same property.  Count II alleged the larceny of a riding lawnmower – and just a riding lawnmower – owned by Sidney Imes, on May 6, 2011.  Count V alleged the possession or receipt of stolen property, a bicycle valued in excess of $500.

¶10.    While the owner of the bicycle and the date Lowell possessed it are alleged to be the same as in Count II, the best that can be said for the indictments is that they do not foreclose the possibility that Lowell's claims are true.  The record of the guilty-plea hearing offers little more support: there are two ambiguous statements that suggest Lowell may have taken the bicycle in the same larceny as the mower, but neither fully substantiates Lowell's claims. The prosecutor said only that the bicycle "was taken the day all the other things went missing from the Imeses' house" and that Lowell "subsequently confessed to all the allegations," without specifying what those allegations were.  The fact that the bicycle was taken the same day would not necessarily have made its taking the same larceny as in Count II.  Likewise, the defense attorney's statement was ambiguous: "Mr. Lowell had taken the

---

[1] Whether the 2004 amendment actually changes the calculation of the gravity of the offense (traditionally, the value of the property taken in the individual larceny or transaction – i.e., "the offense") is an open question, but not one presented by this case as there is no dispute that each individual item was valued beyond the threshold for grand larceny. *See Nations v. State*, 199 So. 3d 1265, 1274-75 (¶31) (Miss. Ct. App. 2016) (expressing skepticism that the amendment altered the preexisting rule for valuation but not deciding the issue).

bike when he took the mower and went to the pawn shop and [inaudible]. When he got caught, he had the bike." It is unclear from the record whether the attorney intended to say that Lowell had stolen the bicycle and the mower together or whether he had taken them to the pawn shop together.

¶11.   To make his case, Lowell would have to prove extraneous facts that go beyond the allegations of the indictments and the record of the guilty-plea hearing. Lowell's double-jeopardy claim is essentially a factual defense, one he should have made at trial. When he pled guilty, Lowell was specifically advised by the court that he would waive his right to present defenses at trial, and Lowell acknowledged he was giving that right up voluntarily. "A guilty plea operates as a waiver to all defenses that could have been presented [at trial,] except for those defenses going to the jurisdiction of the sentencing court." *Kelley v. State*, 913 So. 2d 379, 383 (¶7) (Miss. Ct. App. 2005).

¶12.   Because the indictments here allege two separate crimes on their face and Lowell admitted he was guilty of both offenses, Lowell has waived the right to challenge his implicit admission that he committed two separate offenses. *See Knight*, 192 So. 3d at 365 (¶14). This issue is without merit.

### 2.   Amount of Restitution

¶13.   We next address Lowell's contention that the circuit court ordered him to pay excessive or illegal restitution. Lowell presents several arguments on this point. The first is easily disposed of: he claims that the statute prohibits an award of more than $5,000 in

restitution per offense. But the statute, Mississippi Code Annotated section 99-37-3 (Rev. 2015), only places such a limitation on justice courts. The circuit court was not subject to the $5,000 limit.

¶14. The circuit court based its awards of restitution on signed victim-impact statements filed with the circuit clerk well in advance of the guilty-plea hearing. Each of the victims submitted itemized lists of losses they said they incurred as a result of Lowell's crime spree. At the sentencing hearing, the circuit court reviewed the lists critically, striking items it found were not legitimate claims for restitution, such as a loan one of the victims had made to Lowell.

¶15. In his PCR motion, Lowell contends that the victims exaggerated the value of the items taken, listed items as lost that had been recovered, and sought restitution for items that had been covered by insurance.[2] Nearly all of Lowell's contentions seek to go beyond the record and are based solely on his own claims in his PCR motion. It is well established that a petitioner's bare assertions are insufficient to support such factual claims. *See, e.g., Watson v. State*, 100 So. 3d 1034, 1038 (¶10) (Miss. Ct. App. 2012).

¶16. Furthermore, the Mississippi Supreme Court has held that a defendant who fails to object to a restitution order at the time of sentencing waives the right to challenge it later. *Powell v. State*, 536 So. 2d 13, 17 (Miss. 1988). While the record here reveals some back-

---

[2] Although the trial court offset restitution by the amounts paid by the victims' insurance, we express no opinion as to whether it was required to do so.

8

and-forth discussions about the amount of restitution to be ordered, it was driven by the circuit court rather than Lowell or his attorney. At no point in the record did Lowell clearly challenge any of the factual assertions in the victim-impact statements, nor did he offer his own evidence as to the value of the items taken or their ultimate disposition. In fact, both Lowell and his attorney appear to have fully assented to the truthfulness of the victim-impact statements. Thus, we find this issue to have been waived, with one exception. In the final sentencing order for Count IV, the circuit court ordered Lowell to pay $278.50 to the victims in another cause number, one which was retired to the files by agreement in return for Lowell's guilty plea. It does not appear that this restitution was discussed on the record prior to the sentencing order being entered, and the record reveals no connection between the two offenses. The State concedes this issue on appeal, so the judgment denying the PCR motion on the particular issue of the $287.50 restitution award is reversed and rendered.

### 3. Involuntary Guilty Plea

¶17. Lowell next contends that his guilty plea was involuntary because he was not aware of the amount of restitution he would be required to pay to his victims. Lowell claims that most of the stolen property was ultimately recovered, and in his PCR motion before the trial court he states that he had expected the restitution ordered would be "minimal." Instead, he was ordered to pay approximately $35,000.

¶18. The record reflects that Lowell executed a sworn plea petition, where he stated that he was aware that the court would determine his sentences. And Lowell has implicitly

9

acknowledged that he knew that restitution would be considered and that the amount would be left up to the court. For a plea to be voluntary, a defendant must know the *possible* sentences he might receive as a result of pleading guilty, not the actual sentence he will get. *See Wilson v. State*, 577 So. 2d 394, 396-97 (Miss. 1991). Furthermore, other courts have held that when the defendant is warned of a potential fine in excess of the restitution he is ordered to pay, the error, if any, in failing to advise him specifically of the possibility of restitution is harmless. *See, e.g., United States v. Powell*, 354 F.3d 362, 369 (5th Cir. 2003); *United States v. Crawford*, 169 F.3d 590, 592-93 (9th Cir. 1999); *United States v. Raineri*, 42 F.3d 36, 41 (1st Cir. 1994). Here, the circuit court expressly informed Lowell that he faced fines of up to $10,000 per count – $50,000 total, which was more than the restitution he was ordered to pay. Lowell's plea was therefore voluntary even if he were not aware he could be ordered to pay restitution.

¶19. Moreover, while it is certainly the better practice for a defendant to be expressly informed that restitution could be ordered as a result of his pleading guilty, we are aware of no authority expressly holding that Mississippi law requires it. The trial court is required to ensure that the accused "understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law,"[3] but many courts have held that restitution is a "quasi-civil" collateral consequence of a guilty plea, and thus a defendant need

---

[3] At the relevant time, this would have been the former Uniform Rule of Circuit and County Court Practice 8.04; presently it exists as Mississippi Rule of Criminal Procedure 15.3(d)(2).

10

not be made aware of it in order for his guilty plea to be voluntary. *See State v. Tuialii*, 214 P.3d 1125, 1129 n.2 (Haw. Ct. App. 2009) (collecting cases). At any rate, it is not necessary for this Court to decide that issue now, as Lowell has admitted he was aware restitution could be ordered. This issue is without merit.

### 4. Ineffective Assistance of Counsel

¶20. Finally, Lowell contends that his attorney rendered constitutionally ineffective assistance because he failed to inform Lowell of the double-jeopardy defense. As we said in our prior discussion, Lowell's guilty plea to both offenses amounted to a confession that he had committed two separate crimes. *See Knight*, 192 So. 3d at 365 (¶14). Now, on PCR, Lowell seeks to show that his attorney failed to advise him of the potential defense. However, this claim is supported only by Lowell's own affidavit. A claim of ineffective assistance of counsel supported only by the movant's own affidavit fails to meet the pleading requirements of the PCR statute. *Vitela v. State*, 183 So. 3d 104, 108 (¶14) (Miss. Ct. App. 2015).

¶21. Lowell also alleges that his attorney was ineffective for failing to object to the restitution ordered, but this claim is likewise supported only by his own affidavit and was properly dismissed for that reason.

¶22. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, GREENLEE AND WESTBROOKS, JJ., CONCUR. IRVING, P.J., AND WILSON, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**