# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00223-COA

**LIONEL MANNLY ARNOLD A/K/A LIONEL ARNOLD A/K/A UNIQUE**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/09/2020 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LIONEL MANNLY ARNOLD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ZAKIA HELEN ANNYCE BUTLER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/09/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     Lionel Arnold was indicted for selling a controlled substance and conspiring with an unnamed confidential informant (CI) to sell a controlled substance. Because he was indicted as a violent habitual offender, he faced a mandatory sentence of life imprisonment without eligibility for parole. Miss. Code Ann. § 99-19-83 (Rev. 2020). Arnold pled guilty to both counts of the indictment in exchange for the State's agreement not to pursue sentencing as a habitual offender and to dismiss a separate indictment. Consistent with Arnold's plea petition and the State's recommendation, the court sentenced Arnold to serve consecutive terms of sixteen and twenty years in the custody of the Department of Corrections.

¶2.　About four months later, Arnold filed a motion for post-conviction relief (PCR), alleging that as a matter of law a person cannot be convicted of conspiring with a CI. He also argued that his attorney provided ineffective assistance by advising him to plead guilty to the conspiracy charge. The circuit court denied Arnold's motion, noting that the conspiracy statute expressly provides that a defendant may be convicted of conspiring with a CI. *See* Miss. Code Ann. § 97-1-1(2) (Rev. 2020). On appeal, Arnold argues that the circuit court erred by denying his PCR motion, and he also makes a new argument he did not present to the circuit court—that his conspiracy conviction is invalid because it is based on a "mere buyer-seller relationship." However, the circuit court did not err by denying Arnold's PCR motion, and Arnold's new argument on appeal is both procedurally barred and without merit. Therefore, the judgment of the circuit court is affirmed.

### FACTS AND PROCEDURAL HISTORY

¶3.　Arnold was indicted for the sale of hydromorphone and for conspiracy to sell hydromorphone. Count One of the indictment alleged that Arnold sold less than ten dosage units of hydromorphone within 1,500 feet of a movie theater, the Northpark Regal Cinema in Ridgeland, which subjected him to an enhanced sentence. *See* Miss. Code Ann. § 41-29-142(1) (Rev. 2018). Count Two alleged that Arnold conspired with an "unnamed confidential informant" to sell less than ten dosage units of hydromorphone "to a person." The indictment also alleged that Arnold was a violent habitual offender,[1] which subjected him to a mandatory life sentence without eligibility for parole if convicted.

---

[1] Arnold was previously convicted for manslaughter, carjacking, and possession of a firearm by a felon.

¶4. Arnold subsequently filed a petition to plead guilty to both counts of the indictment. In exchange, the State agreed not to pursue sentencing as a habitual offender and to move to dismiss a separate indictment. At the plea hearing, the State represented that it was prepared to prove that Arnold sold hydromorphone "to a person" within 1,500 feet of the movie theater and that he had "conspire[d] with an unnamed confidential informant to sell" hydromorphone. Arnold stated that he had no disagreement with the State's recitation of the facts. At the conclusion of the plea colloquy, the circuit judge found that Arnold's pleas were entered freely, voluntarily, knowingly, and intelligently. The judge accepted the State's sentencing recommendation and sentenced Arnold to serve consecutive terms of sixteen and twenty years in the custody of the Department of Corrections.

¶5. About four months later, Arnold filed a PCR motion challenging his conviction for conspiracy. In his motion, he argued that "as a matter of law" "there can be no indictable conspiracy between only the defendant and a CI" because a CI's intent is not to accomplish the conspiracy but rather to frustrate the conspiracy and aid law enforcement. Arnold also argued that his attorney provided ineffective assistance by failing to advise him of this issue and encouraging him to plead guilty. The circuit judge denied the PCR motion, noting that a defendant may be convicted of conspiring with a CI so long as the defendant "acted voluntarily and willfully and was not entrapped." Miss. Code Ann. § 97-1-1(2).

¶6. On appeal, Arnold continues to argue that as a matter of law a defendant cannot be convicted of conspiring with a CI and that his attorney provided him with ineffective assistance of counsel. In addition, although not identified as a separate and distinct issue,

3

Arnold makes a new argument that he cannot be convicted of conspiracy based on a "mere buyer-seller relationship."[2] We address these issues in turn below.

## ANALYSIS

### I. The circuit court did not err by denying Arnold's PCR motion.

¶7. The primary claim in Arnold's PCR motion, which he repeats on appeal, is that his conviction for conspiracy is invalid because as a matter of law a person cannot conspire with a CI. As stated above, Arnold argues that the CI's intent is not to accomplish the conspiracy but rather to frustrate the conspiracy and aid law enforcement. In support of this argument, Arnold cites cases such as *Moore v. State*, 290 So. 2d 603, 604-05 (Miss. 1974), *James v. State*, 481 So. 2d 805, 809-10 (Miss. 1985), and *McDougle v. State*, 721 So. 2d 660, 662 (¶10) (Miss. Ct. App. 1998), all of which did indeed hold that a defendant cannot be convicted of conspiring with a CI. However, subsequent to those decisions, the Legislature amended the conspiracy statute to provide that a CI may be counted as a conspirator and that a defendant may be convicted of conspiring with a CI so long as the defendant "acted voluntarily and willfully and was not entrapped." Miss. Code Ann. § 97-1-1(2); 2007 Miss. Laws ch. 500, § 1 (H.B. 662). The amendment to the statute supersedes the cases that Arnold cites. *See Wilcher v. State*, 227 So. 3d 890, 895 (¶28) (Miss. 2017) ("[T]he power to create and define criminal offenses rests exclusively within the authority of the Legislature. The Legislature has the power to define and punish any act as criminal unless limited by

---

[2] Arnold does not challenge his conviction for selling a controlled substance. Indeed, Arnold's PCR motion admitted that he "indisputably sold" the controlled substance, as alleged in his indictment.

4

constitutional provisions." (citation omitted)). Therefore, Arnold's claim that he cannot be convicted of conspiring with a CI is without merit. It follows that Arnold's claim that his attorney provided ineffective assistance by failing to advise him of this issue is also without merit. Accordingly, the circuit court did not err by denying Arnold's PCR motion.

## II. Arnold's new argument on appeal is procedurally barred and waived by his guilty plea.

¶8. On appeal, Arnold also makes a new argument that the State failed to offer legally sufficient evidence of a conspiracy because his alleged co-conspirator, the CI, was simply the buyer in a "mere buyer-seller relationship." Citing federal cases, Arnold argues that a "mere buyer-seller relationship" cannot support a conviction for conspiracy. He also argues that his attorney provided ineffective assistance of counsel by failing to raise this issue.

¶9. This argument is procedurally barred because Arnold failed to raise the argument in the court below. In the circuit court, Arnold argued only that as a matter of law a defendant cannot be convicted of conspiring with a CI; he did not make the distinct argument that a "mere buyer-seller relationship" cannot establish a conspiracy. It is well-established that "a defendant who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal." *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009) (citing *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1988)); *accord, e.g.*, *Thompson v. State*, 285 So. 3d 704, 706 (¶7) (Miss. Ct. App. 2019); *Williamson v. State*, 269 So. 3d 421, 424-25 (¶18) (Miss. Ct. App. 2018).

¶10. In addition, Arnold's argument lacks support in both Mississippi precedent and the relevant record. Neither the Mississippi Supreme Court nor this Court has ever mentioned,

5

let alone adopted, a "mere buyer-seller relationship" exception to the conspiracy statute. The

United States Supreme Court has not addressed the issue either, but

> [e]ach of the federal circuit courts of appeal has acknowledged an exception
> to liability in controlled substances cases: an agreement of buyer to purchase
> a small amount of drugs and of seller to provide them does not constitute a
> conspiratorial agreement. The courts claim different explanations for the
> narrow exception. Some do so under the rationale that there is no singularity
> of purpose, no necessary agreement, in such cases: the buyer's purpose is to
> buy; the seller's purpose is to sell. Others do so to avoid sweeping mere one-
> time customers into a large-scale trafficking operation. Still others do so lest
> traffickers and their addicted customers face the same severe penalties. All
> agree that the exception rarely extends beyond the one-time small transaction.

Congressional Research Service, *Federal Conspiracy Law: A Brief Overview*, at 7 (Apr. 3,

2020 update) (footnotes and quotation marks omitted), *available at*

https://www.everycrsreport.com/reports/R41223.html. These decisions reflect a judicially-

created exception to the "literal" and "customary definition" of a conspiracy, i.e., an

agreement between two or more persons to accomplish an unlawful purpose. *United States*

*v. Parker*, 554 F.3d 230, 234 (2d Cir. 2009).

¶11. Since Mississippi has not yet adopted the legal rule on which Arnold relies, there is

no legal basis for his ineffective-assistance claim. "Trial counsel is not required to be

prescient, but only to know the law as it exists at the time of trial. A claim of ineffectiveness

cannot be based on trial counsel's failure to anticipate a future change in the law." *Walker*

*v. State*, 863 So. 2d 1, 16 (¶39) (Miss. 2003) (citing *Chase v. State*, 699 So. 2d 521, 542-43

(¶65) (Miss. 1997)).

¶12. Moreover, Arnold's indictment and plea hearing do not show that this case involves

a "mere buyer-seller relationship."[3] Count One of the indictment alleged that Arnold sold hydromorphone "to a person," and Count Two alleged that he "conspire[d] with an unnamed [CI] to sell . . . [h]ydromorphone . . . to a person." At Arnold's plea hearing, the State established a factual basis for the plea simply by reciting those allegations, and Arnold stated that he had no disagreement with the allegations. Thus, neither the indictment nor the transcript of the plea hearing establishes that the CI and the buyer are the same person or that the conspiracy extended no further than a simple sale. All we know from the face of the indictment and the plea hearing transcript is that Arnold pled guilty to conspiring with a CI to sell hydromorphone. On its face, that is a crime under Mississippi law.

¶13. We addressed a similar issue in *Lowell v. State*, 229 So. 3d 1054 (Miss. Ct. App. 2017). There, the defendant (Lowell) pled guilty to both grand larceny for the theft of a riding lawn mower and possession of stolen property, a valuable bicycle. *Id.* at 1056 (¶5). The indictment and the transcript of the plea hearing showed that both the lawn mower and the bicycle had been taken from the same victim on the same day. *Id.* at 1057-58 (¶¶9-10). In a subsequent PCR motion, Lowell argued that his conviction on both counts violated double jeopardy. *Id.* at 1056-57 (¶¶5, 7). This Court rejected Lowell's argument, noting that "the best that can be said for the indictments is that they do not foreclose the possibility that

---

[3] Arnold attempts to expand the record on appeal by attaching an incomplete copy of a police incident report to his appellate brief. However, we cannot consider this incomplete document because "[a] party cannot make something part of the record by simply attaching it to his brief." *Ivy v. State*, 103 So. 3d 766, 769 (¶13) (Miss. Ct. App. 2012). Moreover, the document does not prove anything. Even assuming that it is authentic, it indicates only that a CI bought drugs from Arnold on a separate occasion almost three months after the offenses at issue in this appeal.

Lowell's claims are true." *Id.* at 1057-58 (¶10). We reasoned that

> [t]o make his case, Lowell would have to prove extraneous facts that go beyond the allegations of the indictments and the record of the guilty-plea hearing. Lowell's double-jeopardy claim is essentially a factual defense, one he should have made at trial. When he pled guilty, Lowell was specifically advised by the court that he would waive his right to present defenses at trial, and Lowell acknowledged he was giving that right up voluntarily. A guilty plea operates as a waiver to all defenses that could have been presented at trial, except for those defenses going to the jurisdiction of the sentencing court.
>
> Because the indictments here allege two separate crimes on their face and Lowell admitted he was guilty of both offenses, Lowell has waived the right to challenge his implicit admission that he committed two separate offenses.

*Id.* at 1058 (¶¶11-12) (brackets, quotation marks, citation, and paragraph number omitted).

¶14. Likewise in this case, Arnold's claim would require him "to prove extraneous facts that go beyond the allegations of the indictments and the record of the guilty-plea hearing." *Id.* at (¶11). His present argument "is essentially a factual defense" that he could have raised at trial if he had not pled guilty. *Id.*[4] On its face, Arnold's indictment alleged that he conspired with a CI to sell drugs, which is a crime under Mississippi law. By pleading guilty to a facially valid indictment, Arnold "waived the right to challenge" his admission that he did indeed enter into an unlawful criminal conspiracy. *Lowell*, 229 So. 3d at 1058 (¶12).

¶15. In summary, we express no opinion as to the existence or scope of a "mere buyer-seller relationship" exception under Mississippi law. We simply hold that Arnold waived this factual issue by pleading guilty and then waived it again by failing to raise it in his PCR

---

[4] Under federal law, "[d]istinguishing between a conspiracy and a buyer-seller relationship requires a fact-intensive and context-dependent inquiry that is not amenable to bright-line rules." *United States v. Moe*, 781 F.3d 1120, 1125 (9th Cir. 2015); *see also United States v. Hawkins*, 547 F.3d 66, 74 (2d Cir. 2008) (stating that the distinction between a mere buyer-seller relationship and a conspiracy "is a highly fact-specific inquiry").

8

motion.

## CONCLUSION

¶16.    The circuit court did not err by denying Arnold's PCR motion, and the new arguments

that Arnold attempts to raise on appeal are both procedurally barred and without merit.

¶17.    **AFFIRMED.**

      **BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.  EMFINGER, J., NOT PARTICIPATING.**