NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    23-50024 |
| Plaintiff-Appellee, | D.C. No. 5:21-cr-00188-JWH-1 |
| v. | |
| STEVE JACKSON RODRIGUEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted May 6, 2024
Pasadena, California

Before: FORREST and BUMATAY, Circuit Judges, and DONATO, District
Judge.[**]
Partial Dissent by Judge BUMATAY.

Appellant Steve Rodriguez, who is serving a life sentence for crimes of child

sex abuse, appeals a restitution order entered under the Amy, Vicky, and Andy Child

Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259(b).  The parties'

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

familiarity with the record is assumed, and we have jurisdiction under 28 U.S.C. § 1291. We vacate in part and remand for further proceedings.

As a threshold matter, the government contends that Rodriguez waived the right to pursue this appeal in his plea agreement. We review this question de novo. *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016).

The plea agreement contained a waiver of Rodriguez's right to appeal the amount and terms of any restitution order. Even so, "in order for that waiver to be valid a defendant must be 'given a reasonably accurate estimate of the amount of the restitution order to which he is exposed' at the time the defendant agrees to waive the appeal." *Id*. at 785 (quoting *United States v. Tsosie*, 639 F.3d 1213, 1217 (9th Cir. 2011)). No such estimate was given to Rodriguez.

The government does not dispute this record but argues that the waiver should be enforced because Rodriguez was advised that he faced a fine greater than the restitution amount actually awarded. The cases relied upon by the government, namely *United States v. Alvarez*, 835 F.3d 1180 (9th Cir. 2016), and *United States v. Crawford*, 169 F.3d 590 (9th Cir. 1999), do not support that conclusion because they do not involve a waiver of an appeal of a restitution order. Consequently, Rodriguez may pursue this appeal.

The district court ordered Rodriguez to pay a total of $125,764.25 in restitution under 18 U.S.C. § 2259(b)(2)(B) to the children he sexually abused, the

owner of the care facility where the abuse took place, and nine victims depicted in child pornography photos and videos Rodriguez possessed. Rodriguez challenges only the restitution awards to the facility owner and the child pornography victims.

With respect to the facility owner, the government concedes that she was not entitled to mandatory restitution under 18 U.S.C. § 2259(b)(2) because she was not a "victim" as defined in § 2259(c)(4). The government argues that the award nevertheless should be affirmed because the district court could have awarded the same restitution under 18 U.S.C. § 3663. The government never sought restitution under § 3663 in the district court, however, and therefore the district court was not given an opportunity to determine whether an award of restitution is appropriate under this provision. We vacate the restitution awarded to the facility owner and remand for the district court to decide whether restitution is warranted under § 3663.

With respect to the victims depicted in the child pornography in Rodriguez's possession, Rodriguez did not object to the district court's awards during the restitution proceedings. Consequently, we review these awards for plain error. *See United States v. Zhou*, 838 F.3d 1007, 1010–12 (9th Cir. 2016).

The district court clearly erred by awarding restitution to these victims without conducting any loss causation analysis. Restitution is "proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses." *Paroline v. United States*, 572 U.S. 434, 448 (2014). "[T]he losses, including ongoing losses,

3

caused by the original abuse of the victim should be disaggregated from the losses caused by the ongoing distribution and possession of images of that original abuse, to the extent possible." *United States v. Galan*, 804 F.3d 1287, 1291 (9th Cir. 2015).

Congress amended § 2259 in the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299, 132 Stat. 4383, to provide that the court "shall" first "determine the full amount of the victim's losses," 18 U.S.C. § 2259(b)(2)(A), which are defined as "costs incurred, or that are reasonably projected to be incurred in the future, by the victim … as a proximate result of all trafficking in child pornography offenses involving the same victim," *id.* § 2259(c)(2). After making that determination, "the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." *Id.* § 2259(b)(2)(B). The government does not contend that the amendments abrogated the central holding of *Paroline*, or our cases applying it.[1]

The record does not demonstrate that the district court conducted the required analysis. The district court awarded $3,000 each to victims Violet, Maria, Sarah, and Lily without evidence indicating that they sustained compensable "losses." *See* 18 U.S.C. § 2259(c)(2). And it awarded $5,000 each to victims April, Mya, Pia, and

---

[1] We note that other circuits continue to apply *Paroline*. *See, e.g., United States v. West*, 99 F.4th 775, 779, 781 (5th Cir. 2024); *United States v. Smith*, No. 22-3033, 2024 WL 618849, at *3 (2d Cir. Feb. 14, 2024).

PD11 without determining whether that amount approximated the losses caused by Rodriguez. A restitution award that may exceed a victim's actual losses "affect[s] substantial rights and the fundamental fairness of the proceeding," warranting vacatur under plain error review. *See United States v. Anderson*, 741 F.3d 938, 954 (9th Cir. 2013) (citing cases).[2]

The district court did not plainly err by awarding $3,000 in restitution to victim Jenny. The record supports a finding that she suffered compensable losses caused, in part, by child pornography trafficking, in which Rodriguez played a causal role. *See United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (on plain error review, appellant must show some "probability that, but for the error, the outcome of the proceeding would have been different").

We vacate the restitution awards as to victims April, Mya, Pia, PD11, Violet, Maria, Sarah, and Lily, and remand for further proceedings in the district court.

**VACATED IN PART AND REMANDED.**

---

[2] The dissent argues that we should presume the district court properly determined loss and proximate causation based on the government's submissions and the Presentence Report. We disagree. The government did not submit proof of loss for Violet, Maria, Sarah, or Lily, and the plain language of the statute does not permit them to recover $3,000 without it. Nor did the government attempt to disaggregate the losses claimed by April, Mya, Pia, and PD11, or estimate those attributable to Rodriguez. We cannot put any weight on the Presentence Report, which simply noted that compensable losses for restitution had not yet been identified.

5

*United States v. Steve Rodriguez*, No. 23-50024
BUMATAY, Circuit Judge, dissenting in part:

I agree with the bulk of the majority decision. But I disagree with vacating the restitution award to the eight victims depicted in the pornography possessed by Steve Rodriguez when they were children.

At the restitution hearing, Rodriguez did not contest that these victims were victims of child pornography or contest the restitution amounts they were entitled to. So the plain-error standard applies. *See United States v. Yijun Zhou,* 838 F.3d 1007, 1012 (9th Cir. 2016) (applying plain error to order of restitution). Any error here is neither plain nor affects substantial rights.

First, the $3,000 awards to victims Violet, Maria, Sarah, Lily, and Jenny were mandated by Congress. By law, the district court was required to order restitution to each victim for an amount "which is not less than $3,000." 18 U.S.C. § 2259(b)(2)(B). Rodriguez does not challenge that these five individuals were victims or that they sustained a "loss" caused by him before the district court. Given these concessions, the district court couldn't have ordered an award below this statutory floor. So there can be no effect on substantial rights.

And the majority is wrong to cite *United States v. Galan*, 804 F.3d 1287, 1291 (9th Cir. 2015), to say that any error was plain. In that case, the district court expressly refused to limit restitution to the amount caused by the defendant. *Id*. at 1291. It says nothing about whether a "loss causation analysis" must be expressly

conducted on the record when the loss amounts are conceded. What's more, that case didn't deal with the mandatory-minimum restitution provision under § 2259(b)(2)(B).

Neither were the $5,000 awards to victims April, Mya, Pia, and PD11 plain error. In its filings before the district court, the government told the court that each of these victims "adequately demonstrated with their filings that defendant's possession and viewing material depicting them being brutally raped has caused them approximately $5,000 in financial harm." The government then cited the *Paroline v. United States*, 572 U.S. 434, 457 (2014), standard to the court. The same goes for the Presentence Report, which also noted the governing standard even though restitution amounts had not yet been calculated. And the victims submitted dozens of pages of documentation. Rodriguez did not dispute any of this. And at the start of the restitution hearing, it was clear that the district court was familiar with these filings. It thus was a mistake to conclude that this was error, let alone plain error. District courts are presumed to know the law and to understand their sentencing obligations. *Cf. United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (a "district court need not tick off each of the § 3553(a) factors to show that it has considered them"). I see no reason to depart from this presumption here.

For these reasons, I respectfully dissent.